UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH DARNELL FAIR,

                    Petitioner,

  v.                                                  9:24-CV-1006
                                                         (GTS/MJK)

WILLIAM F. RAMSEIER,

                    Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

KEITH DARNELL FAIR
Petitioner, pro se
348887
CNY PC
PO. Box 300
Marcy, New York 13403

GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-3, Exhibits ("Ex.").  Petitioner also remitted the statutory filing fee.  Dkt. Entry for Pet. dated 08/16/24 (memorializing receipt information from the filing fee transaction).[1]

For the reasons which follow, petitioner is directed to file an affirmation further clarifying the issues identified by the undersigned related to exhaustion.  Respondent is not required to answer the Petition at this time.

---

[1] Citations to petitioner's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

1

## II.     THE PETITION

The present petition is, at best, difficult to decipher.[2] Petitioner "is presently a dangerous sex offender requiring confinement under Article 10 of the Mental Hygiene Law . . . pursuant to [an] order . . . dated December 15, 2021." Ex. at 23; see also Pet. at 18 (explaining that petitioner has been detained, pursuant to Article 10 of the New York State Mental Hygiene Law, at CNYPC since March of 2016).

Petitioner indicated that, on or about November 15, 2023, he filed a "Common Law Writ – Trespassers". Pet. at 22; Ex. at 24. Subsequently, petitioner supplemented his action by filing a demand for a writ of habeas corpus. Pet. at 22; Ex. at 24. Respondent opposed the petition. Ex. at 24. The county court held that "Petitioner [wa]s confined based upon [a] lawful civil management order . . . pursuant to Article 10 of the . . . Mental Hygiene Law[; therefore,] Petitioner [wa]s not entitled to an immediate release from custody, and the remedy of habeas corpus [wa]s not available." Ex. at 25; accord Pet. at 23 (explaining that the county court judge "became a trespasser[] on the case, and dismissed the Common Law Writ – trespassers, without Notice and the issuance of a Writ."). Petitioner argues that the county court erred in denying his habeas petition because the judge failed to state the jurisdiction under which he was acting and, thus, the Decision and Order violated petitioner's due process rights. Pet. at 23.

Petitioner then sought review of the county court judge's actions, via the Fifth Judicial District's Administrative Judge, on May 31, 2024. Pet. at 24; Ex. at 13. Petitioner

---

[2] This is the second habeas corpus action which petitioner has filed in this District. See Fair v. Annuci et al., No. 9:16-CV-1434 (DNH) ("Fair I"), Dkt. No. 1, Petition. After conducting an initial review of Fair I, the Court dismissed several of petitioner's claims as either not cognizable or frivolous and directed petitioner to file an amended pleading. Fair I, Dkt. No. 3, Decision and Order. Petitioner ultimately moved, and was granted permission, to withdraw his Petition; although his attempt to commence a new action with his "Bill In Equity" was denied with prejudice. Fair I, Dkt. No. 7, Decision and Order.

"appear[ed] to be dissatisf[ied] with certain comments, rulings, and/or decisions of [the county court judge]." Ex. at 13.  Petitioner was informed that "the Code of Judicial Conduct prohibits an Administrative Judge from commenting on a pending or impending matter, or from interceding on behalf of any litigant regarding legal decisions made by any other Judge . . . That power is vested only in the appellate courts." *Id.*  Neither petitioner nor the attached exhibits indicate that petitioner then appealed the denial of his state habeas petition to the Appellate Division.

> Petitioner contends that he is entitled to federal habeas relief because:
>
> > No state can deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.  Any court that ignores due process is not common law court; such action proves a court unlawful and consequently has no legal authority over the claimant without his consent.  [Petitioner d]emand[s that his claims be] . . . move[d] . . . to a Court of Record under Common Law Jurisdiction, and Common Law Rules, to be Adjudicated by a tr[ial] by jury pursuant to the VII Amendment of the United States Bill of Rights, being the Suite at Common Law, where the value in controversy shall exceed twenty dollars.

Pet. at 25.  Specifically, petitioner argues that his due process rights were violated when he was placed into involuntary custody, pursuant to a statutory provision, and "not indicted by an unbiased common law grand jury."  *Id.* at 5; *see also id.* at 8 (alleging that the judge who involuntarily committed petitioner did so "without constitutional authority, thereby without jurisdiction[.]").  Further, petitioner claims that he has not seen any "sworn documentary evidence from a competent fact witness to lawfully assert a challenge to his competency," and that his current custody arises from the fact that the government and its agents "disagree with [him]."  *Id.* at 6; *see also id.* at 11 (demanding "full material fact disclosure" for petitioner's instant "imprison[ment] or restrain[t.]").  In sum, petitioner equates his current

involuntary commitment to an unlawful and retaliatory increase in his state court criminal sentence, in violation of the double jeopardy clause, as well as his due process rights. *Id.* at 10, 18-20.

### III.  DISCUSSION

The district court must examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"  Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2243.  If so, the petition must be dismissed.  Rule 4; *Welch v. Mukasey*, 589 F. Supp. 2d 178, 180 (N.D.N.Y. 2008) (explaining that the Habeas Rules impose upon the Court a "duty . . . to screen out frivolous applications and eliminate the burden that would be placed on respondent by ordering an unnecessary answer.") (citations omitted).

As petitioner was previously advised, in *Fair I*, any claim seeking federal habeas corpus relief cannot be granted until a prisoner has exhausted all available state court remedies unless "there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant."  *Fair I*, Dkt. No. 3, Decision and Order, at 9-10 (citing 28 U.S.C. § 2254 (b)(1)(A), (B)(i), (ii)).  This statutory prerequisite is accomplished by allowing "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," prior to being able to seek federal habeas relief.  July Order at 3 (citing 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii); quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

A petitioner properly exhausts his state court remedies by challenging instances of involuntary confinement "by filing a petition for discharge in the appropriate state court, *see*

N.Y. Mental Hygiene Law § 10.09 (setting forth procedures for challenging an Article 10 commitment order); a state-court habeas corpus petition, *see* N.Y. C.P.L.R. §§ 7001-7012; or an appeal in the appropriate state appellate court." *Brown v. New York*, No. 1:18-CV-0491, 2018 WL 10879393, at *4 (S.D.N.Y. Feb. 6, 2018).  Appellate review is specifically authorized for denial of a state writ of habeas corpus.  N.Y. C.P.L.R. § 7011.

Here, petitioner properly challenged his involuntary commitment by filing a state habeas corpus proceeding.  Ex. at 23-25.  The petition was denied on May 8, 2024.  *Id.* at 25.  "Pursuant to N.Y. C.P.L.R. §§ 5513(a) and 7011, Petitioner had thirty (30) days within which to appeal the denial of his State Habeas Petition to the Appellate Division."  *Jackson v. Comm'r of Dep't of Corr. & Cmty. Supervision*, No. 2:12-CV-0202, 2016 WL 11738712, at *5 (E.D.N.Y. Mar. 28, 2016) (citations omitted).  Nothing in the record indicates that petitioner filed an appeal after the denial of his habeas petition.

Further, any contentions that petitioner arguably attempted to exhaust his remedies by filing a complaint with the Fifth Judicial District are belied by the instructions petitioner received informing him that any such appeal was improper, and he should, instead, seek redress with the Appellate Division.  Ex. at 13.  Nothing in the Petition or attached exhibits indicates that petitioner followed those direction and did so.  Accordingly, it appears petitioner has failed to fully exhaust his remedies before filing the instant petition.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

The ultimate consequence of asserting unexhausted habeas claims in federal court is that the court must consider such claims procedurally defaulted.  *See Aparicio v. Artus*, 269

F.3d 78, 90 (2d Cir. 2001) (explaining that a futile claim must be deemed both exhausted and procedurally barred, leaving them classified as procedurally defaulted) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).  Procedurally defaulted claims must be dismissed unless "the petitioner [can] show cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice (i.e., that the petitioner is actually innocent)." *Id.* (citing *Coleman*, 501 U.S. at 748-50).  If petitioner were to assert such claims, along with arguments of cause and prejudice, and the Court did **not** find those arguments legally sufficient, the dismissal due to procedural default would be considered a "disposition . . . on the merits . . . mean[ing] that any future presentation of the claim would be a second or successive habeas petition, requiring authorization by [the appropriate federal] Court [of Appeals] pursuant to 28 U.S.C. § 2244(b)(3)(A)." *Id.* (citations omitted).

Here, petitioner has failed to assert any cause for his failure to exhaust or the prejudice that arises from it.  Accordingly, petitioner is directed to file an affirmation that identifies the cause, if any, for his failure to exhaust as well as what, if any, prejudice he has sustained with respect to each claim.  Petitioner recognizes that, if his claims are indeed unexhausted and procedurally barred, without legally sufficient cause and prejudice, the claims will be dismissed.

IV.    **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner must file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, clarifying the identified deficiencies in his Petition.  Specifically, petitioner must discuss what the cause was for his failure to exhaust his claims through his state habeas corpus proceedings and what prejudice he would suffer if each of

his claims were dismissed as being unexhausted.  The affirmation shall not exceed ten (10) pages in length, excluding exhibits.  No answer to the petition will be required from the respondent at this time; and it is further

**ORDERED** that either after petitioner submits his written affirmation or upon the expiration of the thirty days, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: September 11, 2024
       Syracuse, New York

Glenn T. Suddaby
U.S. District Judge