UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEITH DARNELL FAIR,

                          Petitioner,
                                                            9:24-CV-1006
v.                                                          (GTS/MJK)

DANIELLE TOPE, Exec. Dir. of CNYPC/STARC
Oakview Ctr.,

                          Respondent.

_____

APPEARANCES:                                  OF COUNSEL:

KEITH DARNELL FAIR, 348887
     Petitioner, *Pro Se*
CNYPC
P.O. Box 300
Marcy, New York 13403

HON. LETITIA A. JAMES                         PAUL B. LYONS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
     Counsel for Respondent
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Keith Darnell Fair ("Petitioner") filed his Petition for a writ of *habeas corpus* pursuant to

28 U.S.C. § 2254 on August 16, 2024.   (Dkt. No. 1.)   By Report-Recommendation dated

December 11, 2025, the Honorable Mitchell J. Katz, United States Magistrate Judge,

recommended that the Petition be denied and dismissed with prejudice pursuant to 28 U.S.C. §

2253(c)(2), and that a certificate of appealability not issue.   (Dkt. No. 52.)   On January 16,

2025, after receiving a brief extension of time in which to do so, Respondent filed an Objection

to the Report-Recommendation.   (Dkt. No. 55.)   Petitioner has not filed an Objection to the

Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, Magistrate Judge Katz's Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein, as modified by the reasons set forth in Respondent's Objections (described below in Part I of this Decision and Order).

## I.      RESPONDENT'S OBJECTIONS

Generally, in her Objections, Respondent asserts the following two arguments: (1) although the Report-Recommendation adopts Respondent's argument that Petitioner's claims are all unexhausted and defaulted, the Report-Recommendation (a) mistakenly states that the claims from the second and third annual review were defaulted in 2022 and 2024, when in fact they were not defaulted until 2025 (because Petitioner was not served with notices of entry until 2025), and (b) does not address Petitioner's 2016 default of his claims arising from his initial Article 10 trial and his 2025 default of his claims arising from his state habeas proceeding; and (2) the Report-Recommendation does not address Respondent's alternative arguments that (a) even if Petitioner's claims were unexhausted but not procedurally defaulted, the Court should deny the claims as plainly meritless under 28 U.S.C. § 2254(b)(2), (b) to the extent that the current claims arise from Petitioner's initial Article 10 proceedings in Bronx County Supreme Court, those claims may not be adjudicated in the same federal habeas proceeding as the claims arising from Petitioner's various Article 10 actions in Oneida County Supreme Court, and (c) any claims arising from Petitioner's initial Article 10 trial or his first annual review are barred by the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). (Dkt. No. 55.)

## II.     APPLICABLE LEGAL STANDARDS

When a *specific* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).    To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to    which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).    However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.    *See Zhao v. State Univ. of N.Y.*,

---

[1]      *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]      *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.   Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3]   Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the

---

[3]      *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

report-recommendation to only a *clear error* review. Fed. R. Civ. P.72(b), Advisory Committee Notes: 1983 Addition.    When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Katz's thorough Report-Recommendation, the Court accepts and adopts the Report-Recommendation for each of the reasons stated therein, as modified by each of the reasons set forth in Respondent's Objections: (1) in finding that Petitioner's claims are all unexhausted and defaulted, the Court also relies on (a) the fact that the claims from the second and third annual review were not defaulted until 2025 (because Petitioner was not served with notices of entry until 2025), and (b) both Petitioner's 2016 default of his claims arising from his initial Article 10 trial and his 2025 default of his claims arising from his state habeas proceeding; and (2) in denying and dismissing Petitioner's Petition with prejudice, the Court relies on the three alternative reasons described by Respondent.    *See, supra,* Part I of this Decision and Order.

Finally, the Court denies Petitioner's letter-motion for summary judgment (which was not address by the Report-Recommendation) for each of three alternative reasons: (1) it is moot; (2) it

---

[4]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

is procedurally improper (lacking either a separately memorandum of law or a Statement of Material Facts that supported by record citations); and (3) it is unsupported by a showing of cause.

ACCORDINGLY, it is

ORDERED that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 52) is ACCEPTED and ADOPTED in its entirety, as modified by the reasons set forth in Respondent's Objections; and it is further

ORDERED that the Petition (Dkt. No. 1) in this matter is DENIED and DISMISSED with prejudice; and it is further

ORDERED that Petitioner's Notice and Demand for an Evidentiary Hearing (Dkt. No. 47) is DENIED as moot; and it is further

ORDERED that Petitioner's request for a Subpoena Duces Tecum (Dkt. No. 48) is DENIED as moot; and it is further

ORDERED that Petitioner's Notice and Demand to Compel Mandatory Discovery (Dkt. No. 50) is DENIED as moot; and it is further

ORDERED that Petitioner's letter-motion for summary judgment (Dkt. No. 51) is DENIED; and it is further

ORDERED that a certificate of appealability not issue with respect to any of the claims set forth in the Petition, because Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated:   March 24, 2026
         Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

6